## WARNER v. DEMPSTER.

### No. 2087.

Court of Appeal of Louisiana. First Circuit.

March 4, 1940.

Hawkins & Tritico, of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellee.

DORE, Judge.

This suit is an outgrowth of the case of Mrs. Genevieve T. Dempster v. William D. Warner, La.App., 194 So. 127, this day decided. Plaintiff seeks to recover damages from the defendant for personal injuries allegedly sustained by her while in the act of removing her personal effects from the houseboat, the ownership of which was in dispute between her husband and defendant.

She alleges that the ownership of the houseboat was in dispute in the case above referred to, and that her husband was claiming the ownership thereof; that she and her husband, residing on the boat on June 8, 1938, at about the hour of 6 P. M., were informed that their furniture and personal effects were being removed from the boat by orders of defendant or her agents; and that she was ordered by defendant or her agent to immediately remove her personal belongings from the boat or else that the same would be locked up indefinitely; that in the act of removing her personal effects as ordered, she fell through

a defective or decayed portion of the floor of the houseboat, which defective or decayed portion of the floor was hidden and unknown to her, causing her the injuries for which she seeks damages.

■ Defendant filed an exception of no cause of action, which was overruled; no complaint is made of the ruling of the lower court, and we treat the same as abandoned. Thereafter, defendant filed an answer, denying that any injury was sustained by plaintiff, and claiming the ownership of the boat and furniture sequestered in the case, supra, and averring that plaintiff and her husband were occupying the boat without her knowledge or authority and were trespassers thereon. Defendant, in the alternative, pleaded that plaintiff was guilty of contributory negligence.

Upon trial, there was judgment rejecting plaintiff's demand. Plaintiff has appealed.

A fair statement of the facts as we find them is substantially as follows:

Defendant had filed a suit coupled with writs of sequestration against the husband of plaintiff, claiming the ownership of a houseboat and certain furniture. The houseboat and furniture were sequestered by virtue of the writs of sequestration. Defendant in that case having failed to bond the writs of sequestration, plaintiff in that case, who is defendant in this case, bonded the property under seizure and procured the release of the property to her. Prior to the filing of the suit for ownership and possession and the issuance of the writs, plaintiff herein and her husband had been occupying, without the knowledge and consent of defendant, the boat and furniture. In pursuance to the writs issued, the sheriff of the Parish of Calcasieu appointed a custodian of the property who took possession of the same by the occupancy of one of the rooms of the houseboat, but by sufferance, however, without the consent of the sheriff or defendant, permitted the plaintiff and her husband to remain on the houseboat.

On June 8, 1938, the day of the alleged accident, defendant, through her attorney, gave instructions to the sheriff to remove the furniture sequestered and to deliver the boat in accordance with the bonded writ to her, and to have plaintiff and her husband ejected from the boat. In accordance with these instructions, at about the hour of 6:30 P. M. plaintiff and her husband were notified to remove their personal effects from the boat by eight o'clock that evening, otherwise their effects would be locked up indefinitely. Plaintiff and her husband protested for lack of time, to no avail. In her effort to pack and remove her personal effects on the front apron or deck of the boat, plaintiff fell through a plank or portion of the apron and sustained some injuries for which she now seeks damages.

■■ It is the contention of the plaintiff that the relation existing between herself and defendant was as a business invitee, or as a licensee, and cites many cases to show her right of recovery. We cannot agree with her contention. Plaintiff overlooks the fact that in her petition she alleges that she and her husband were occupying this boat as belonging to her husband. In fact, in their testimony in this case they so contend. The evidence shows further that plaintiff and her husband did not have the permission or consent of defendant to be on the boat; they were mere trespassers and defendant only owed them the duty of not deliberately causing them injury. Both plaintiff and her husband, having occupied this boat for some three months or more, were in better position than defendant to know the real condition of the boat. A disinterested witness, who came to remove the sequestered furniture, testified that plaintiff warned him of the condition of the front deck or apron and cautioned him to be careful. There is further evidence to the effect that plaintiff and her husband well knew the condition of the boat, including the front deck or apron. It cannot be said that defendant in any way caused plaintiff to be injured.

■ In any event, from the above it is clear that the plaintiff was at least guilty of contributory negligence causing the accident, and, in either case, she cannot recover.

For these reasons, the judgment appealed from is affirmed.